The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  2:18-cr-00131-RAJ |
| Plaintiff, | |
| v. | ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |
| MARCUS JAMES HALL, | |
| Defendant. | |

This matter comes before the Court on Defendant Marcus James Hall's motion for compassionate release.  Dkt. 1464.  Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Hall is a 52-year-old inmate currently detained at Federal Correctional Institution Sheridan, with a projected release date of December 7, 2021.[1]  On June 4, 2019, he pled guilty to Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(C), and 846.  Dkt. 770.  On September 27, 2019, Mr. Hall was sentenced by this Court to 54 months of imprisonment, to be followed by three years

---

[1] Mr. Hall's motion sets forth a projected release date of April 6, 2022, however, the Bureau of Prisons' inmate locator website indicates his current release date is December 7, 2021.  *See* https://www.bop.gov/inmateloc/

of supervised release.  Dkt. 1125.  He now moves for compassionate release arguing that he presents extraordinary and compelling reasons for the Court to immediately release him to serve the remainder of his sentence on home confinement.  Dkt. 1464.

## II. DISCUSSION

### A.    Legal Standard for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13.  The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  USSG § 1B1.13 cmt. n.1.  The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take.  USSC § 1B1.13 cmt. n.4.

Mr. Hall's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."  As relevant to Mr. Hall's motion, the statute now provides:

> (c) Modification of an imposed term of imprisonment. --The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction;

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

### B.    Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Hall's compassionate release motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).

Mr. Hall submitted two requests for compassionate release to the warden of his facility, in the form of an "Inmate Request to Staff" which was received by the warden on July 13, 2020, and a letter to Warden Salazar, which was received on August 4, 2020. Dkt. 1464, Ex. 2.  There is no evidence Mr. Hall received a response.  The Court finds the

statutorily required 30-day period has expired, and Mr. Hall's motion is properly before the Court.

### C.      Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Hall's term of imprisonment.  *See* 18 U.S.C. § 582(c)(1)(A)(i); USSG § 1B1.13.

The policy statement referenced in § 3582(c)(1) was promulgated by the Sentencing Commission pursuant to the authority Congress vested in it in 28 U.S.C. § 994. That statute provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(f).

Consistent with this statute, the applicable policy statement can be found at Section 1B1.13 of the United States Sentencing Guidelines. That statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>  (4) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (2019).

In the commentary, the Commission goes on to explain what constitutes "extraordinary and compelling reasons" to support a reduction in sentence. Specifically, Application Note 1 provides that extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt.n.1.

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Hall bears the burden to show "extraordinary and compelling reasons" that meet the directives set by Congress and the Sentencing Commission for compassionate release to be granted. *See Riley v. United States,* C19-1522 JLR 2020 WL 1819838 at *7 (W.D. Wash. Apr. 10, 2020); *United States v. Greenhut,* No. 2:18-CR-00048, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020).

Mr. Hall's motion focuses largely on his diagnosis of retinal detachment, which he contends has been left untreated by the Bureau of Prisons (BOP) and now threatens his eyesight. He argues that this condition, in addition to the constellation of risk factors related to his age, race, and gender, combined with his diagnoses of hypertension and high cholesterol, render him vulnerable to serious complications should he contract coronavirus-19 (COVID-19) while incarcerated. Dkt. 1464.

In its opposition the government argues Mr. Hall has failed to meet his burden of presenting an extraordinary and compelling reason for the Court to reduce his sentence. The government argues that Mr. Hall's retinal detachment and high cholesterol are health conditions which do not place him at higher risk of a poor outcome should he contract the virus, and that only his diagnosis of hypertension has been shown to pose a moderately higher risk of complications. The government further indicates that Mr. Hall's hypertension is being well controlled by medication while in custody and that he is scheduled for surgery on his eye in the near future. Dkt. 1476.

The Court agrees with the government.  A review of Mr. Hall's medical records clearly does not reflect that the retinal detachment was caused by the care, or lack thereof, that he received from Bureau of Prisons (BOP) medical staff.  To the contrary, the records reflect that after he reported his vision problem concerns, an optometry exam was performed on both of his eyes on August 7, 2019, with the conclusion of "Good macular reflexes. No retinopathy."  Dkt. 1478, p. 8.  The balance of that examination reflected normal readings.  Mr. Hall subsequently reported vision problems in his right eye on August 21, 2020.  An optometry exam encounter was performed at Health Services on September 24, 2020, and the recommendation directed an offsite appointment for retinal detachment with a "priority" designation.  Dkt. 1478, p. 15.  Mr. Hall was seen by the offsite facility for a retina evaluation on October 8, 2020, and a surgery date was scheduled for November 5, 2020.   The level of care would suggest that BOP has been able to provide the necessary care and treatment for Mr. Hall.  While his overall care is of significance, his vision challenges are unrelated to COVID-19 and the outcome of that care does not increase his risk from the virus.

Turning to Mr. Hall's hypertension issue, the Court does not find that his medical records for this condition justify a finding that it serves as the basis for an extraordinary and compelling reason for release for several reasons.  As an initial observation on this topic, the Centers for Disease Control and Prevention (CDC) has issued a tempered warning that hypertension "might" be a risk factor.  Moreover, the CDC does not include high blood pressure in its list of factors that lead to an increased risk of severe illness from COVID-19.

Mr. Hall's various blood pressure readings from his medical records illustrate this point.  These records indicate a fluctuation in his readings, on June 13, 2018, 112/76, June 19, 2018, 159/103, June 5, 2019, 140/90, August 16, 2019, 150/99 (with medical notation that he was non-compliant with his medication), November 27, 2019, 128/88, April 30, 2020, 135/84, August 21, 2020, 125/76 (with a medical notation that his blood

ORDER - 6

pressure was "well controlled"), and an October 8, 2020 reading of 148/90.  Dkt. 1478, pgs, 2, 3, 5, 6, 10, 12, 13 and 23.

The government references the CDC Guidelines on how the Court should consider this blood pressure evidence.  The CDC notes that normal blood pressure is 120/80, elevated blood pressure is between 120/80 and 139/89, and high blood pressure is 140/90.   Mr. Hall's fluctuating readings do not suggest that he has maintained a level of blood pressure readings to suggest that he fits in the category of concern that might pose an increased risk of severe illness from COVID-19.  Mr. Hall has failed to meet his burden demonstrating that his claim serves as grounds for compassionate release and the evidence he has submitted is insufficient to warrant the relief requested. This is particularly so as the medical records note that his blood pressure is "well controlled."

Mr. Hall's high cholesterol contention for release fails as well.  This condition is not on the CDC list of COVID-19 risk factors and it appears from the medical records that this condition is also being addressed by the BOP.

Last, Mr. Hall notes that he is African American and contends his race serves as a risk factor recognized by the CDC.  Mr. Hall's ethnicity argument is linked to his claim of hypertension.  Since the Court has addressed the hypertension issue as not serving as a basis for compassionate release, the Court looks to what other evidence or analysis Mr. Hall has advanced to support his claim that race and hypertension as submitted serve as a basis for sentence reduction and none has been provided.  While Mr. Hall has failed to provide sufficient analysis to support his release claim, the Court would be remiss in not acknowledging the CDC data of COVID-19 infections and deaths as staggering for African Americans, but without more no relief can be accorded to Mr. Hall.

### D.  Safety of Others

The Court next turns to whether Mr. Hall presents a danger to the safety of any other person or to the community.  *See* U.S.S.G. §1B1.13(2).  In making this determination, the Court looks to the nature and circumstances of the underlying offense,

the weight of evidence against him, his history and characteristics, and the nature and

seriousness of the danger his release would pose to any person or the community.

18 U.S.C. §3142(g).  The Court may not reduce a defendant's sentence unless it finds that

"the defendant is not a danger to the safety of any other person or to the community, as

provided in 18 U.S.C. § 3142(g)."

Mr. Hall argues that the Court should find he does not present a danger to others

or the community in that his offense did not involve a crime of violence, he did not use or

possess a firearm during the commission of the crime, and that he has incurred only one

minor infraction while in custody.  He further asserts that his proposed release plan which

would require him to reside with his mother, in conjunction with supervision by U.S.

Probation, would help ensure the safety of the community were he to be immediately

released.  Dkt. 1464.

The government counters that Mr. Hall would pose a danger to the community if

released, highlighting his crime of conviction in which he trafficked cocaine, heroin and

other drugs, his lengthy criminal history that includes more than 40 prior convictions and

26 criminal history points, and his poor performance while under previous terms of

supervision.  Dkt. 1476.

Even if this Court were to find extraordinary and compelling reasons to warrant

release, Title 18 U.S.C. § 3142(g) and U.S.S.G. § 1B1.13 mandate otherwise.  The

specific facts of Mr. Hall's history and circumstances indicate he poses a continuing

danger to the community.  His record reflects that he committed the instant offense while

under a criminal justice sentence in Case. No. 15-1-01372-2 for crimes involving

possession of a stolen vehicle, attempting to elude a police vehicle and possession of

illegal drugs.  These crimes are emblematic of his continued involvement in criminal

activity involving crimes including assaults and various drug offenses.  Despite this

history and intervening court interventions Mr. Hall once again chose criminal activity as

an alternative to becoming a law-abiding citizen.  Mr. Hall's continued commitment to

criminal conduct and illegal activity when given the opportunity to do otherwise indicates to the Court that he continues to pose a danger to the community.

### E.  Other 18 U.S.C. § 3553(a) Factors

In determining whether to grant Mr. Hall's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a).  These factors include the need for the sentence imposed, the kinds of sentences available, promoting respect for the law, providing just punishment for the offense, avoiding unwarranted sentencing disparities, and providing medical care in the most efficient manner.  18 U.S.C. § 3553(a)(2)(B, C, D); 18 U.S.C. § 3582(c)(1)(A).

Mr. Hall argues that in reevaluating the sentencing factors, the Court should find that the amount of time he has already served under this sentence, his one minor infraction while in custody, his pursuit of educational opportunities, and his proposed immediately release to home confinement satisfy the factors set forth in  § 3553(a). Dkt. 1464.

The government counters that the § 3553(a) factors have not changed since Mr. Hall's original sentencing, and that the seriousness, nature and circumstances of his offenses, together with Mr. Hall's lengthy criminal history, weigh against the Court reconsidering these factors.  Dkt. 1476. The Court agrees with the government for the reasons noted above.

///
///
///
///
///
///
///

ORDER - 9

### III.  CONCLUSION

For the foregoing reasons, Defendant Marcus James Hall's motion for compassionate release is **DENIED**.

DATED this 6th day of January, 2021.

The Honorable Richard A. Jones
United States District Judge